Railroad v. Hawkins Co.

SOUTHERN RY. Co. *et al. v.* HAWKINS COUNTY *et al.*

(*Knoxville.*  September Term, 1914.)

1. HIGHWAYS.  Highway taxes.  Statutory provisions.

Acts 1909, ch. 479, sec. 2, providing that the several county courts of the State are thereby authorized to levy an annual county tax on every $100 worth of taxable property not exceeding 30 cents upon the $100 worth of property, and exclusive of the tax for public roads and pikes and schools and interest on county debts and other special purposes, authorizes the levying of a tax not exceeding 30 cents on every $100 worth of taxable property for county purposes, and also the levying of taxes for the special purposes to which it refers, and hence a quarterly county court had authority to levy a tax of 5 cents on each $100 of taxable property for repairing pike roads. (*Post, pp.* 400-402.)

Acts cited and construed:   Acts 1909, ch. 479;  Acts 1895, ch. 4.

2. HIGHWAYS.  Highway taxes.  Statutory provisions.

Shannon's Code, sec. 648, authorizing the several county courts of the State to levy a county tax on every $100 worth of taxable property not exceeding 30 cents and exclusive of the tax for public roads and schools and interest on county debts, and providing that the aggregate amount of special taxes levied by counties shall not exceed the amount limited therein to them for current expenses, so far as it conflicts with Acts 1909, ch. 479, sec. 2, is repealed by the provision of that act that all laws in conflict therewith are thereby repealed, and hence the power of a county to levy a tax for repairing pike roads was not subject to the limit imposed by section 648.   (*Post, p.* 402.)

Code cited and construed:   Sec. 648 (S.).

3. HIGHWAYS.  Highway taxes.  Statutory provisions.

Acts 1907, ch. 518, authorizes Hawkins county to issue bonds to be used in grading and macadamizing certain public roads

therein described.  Acts 1909, ch. 143, sec. 3, provides that the
county courts of the State shall levy each year for road pur-
poses a tax on all property outside of incorporated towns, and
that this levy shall be 2 cents on each $100 of taxable property
for each day assessed to labor on the public roads.  *Held*, that
a tax levied by the quarterly county court of Hawkins county
of 5 cents on each $100 for the purpose of repairing pike roads
was not invalid, because in excess of the levy authorized by
chapter 143, as the tax was levied for the purpose of repairing
roads of the kind constructed under chapter 518, as
distinguished from the class of roads to which chapter 143 re-
lates.  (*Post, p.* 402.)

Acts cited and construed:   Acts 1909, ch. 143; Acts 1907, ch. 518.

### FROM HAWKINS.

Appeal from the Circuit Court of Hawkins County
to the Court of Civil Appeals and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—
HUGH G. KYLE, Judge.

J. O. PHILLIPS, for appellant.

A. T. BOWEN and J. A. THOMPSON, for respondent.

MR. JUSTICE BUCHANAN delivered the opinion of the
Court.

This cause was heard and determined by the chan-
cery court of Hawkins county on an agreed state of
facts pursuant to the provisions of section 5206, Shan.
Code (section 3450, Code of 1857-58).  A decree went
down in favor of the county, and the railway compa-

nies appealed to the court of civil appeals, where the decree of the chancellor was affirmed, and the matter is now before us on the petition for *certiorari* of the companies and their assignments of error.

The question presented is the validity of a tax levied by the quarterly county court of Hawkins county, at its July term, 1912, in these words:

"Five cents on each $100 of taxable property, which shall be a special tax for repairing pike roads."

At the meeting above named, the quarterly county court levied taxes for other purposes, but none of them are in dispute. In fact, the railway companies paid all taxes for that year assessed against their respective properties levied at the meeting of the court aforesaid, except the taxes assessed under the levy in dispute. While no other levy made by the quarterly county court at that meeting is in dispute, yet, in order to comprehend the assault made on the one in question, we quote the entire levy then made as follows:

"Thirty cents on each $100 of taxable property which shall be for county purposes proper.

"Twenty-five cents on each $100 of taxable property which in addition to that levied by the State shall be for school purposes.

"Forty cents on each $100 of taxable property which shall be to pay pike road bonds and interest on same.

"Five cents on each $100 of taxable property which shall be a special tax for repairing pike roads.

"Ten cents on each $100 of taxable property which shall be for highway purposes.

"Ten cents on each $100 of taxable property which shall be for jail purposes.

"Ten cents on each $100 of taxable property which shall be a special tax to pay bridge bonds, and to pay interest on same.

"Tax on privileges shall be the same as that levied by the State.

"Number of days to be worked on public roads, five."

Three grounds are urged by the companies against the levy in question, the first of which is that "the county was without authority, express or implied, to make the same." The authority to levy the tax in question relied on by the county is chapter 479, Acts 1909. See page 1726 of the published Acts of that year. The first section of that act fixes the State tax at fifty cents on every $100 worth of property, for the year 1909, and for every subsequent year thereafter, and apportions the total State tax so authorized to two purposes, to wit: State purposes, thirty-five cents; school purposes, fifteen cents; and that section also provides for a collateral inheritance tax.

A trifling amount of care in the expression of the legislative purpose in the passage of the second section of this act would have averted any respectable controversy as to its meaning. However, construing it as written, we hold that it means that the several quarterly county courts of this State are authorized

to levy a tax amounting to and not exceeding thirty cents on every $100 worth of taxable property in the county for county purposes, as distinguished from what this section of the act names "special purposes," and then we think this section of the act confers authority on such courts to levy taxes for *the special purposes* to which it refers, to wit: Public roads, public pikes, public schools (all, of course, located in the county), interest on county debts, and "other special purposes." It is to be noted that we have supplied some words above not in the text of the act, but manifestly necessary to give it the sense and meaning which we think the body passing it intended it to have. The words "and exclusive of," used in the second section of the act, are not to be understood as limiting the power conferred in the opening part of the section to the levy of taxes for county purposes only. Manifestly the power was intended to be and was conferred also to levy taxes for the special purposes above named. It is to be noted that the second section of the act sets no limit, or fixes no *pro rata* of each $100 worth of taxable property, beyond which the levy for special purposes may not be made. It is to be supposed that this was omitted so that each quarterly county court might be free to make such levy as should be necessary for special purposes in each county. In the respect just above noted, that part of chapter 4 of the Extra Session, Acts of 1895, appearing as section 648, Shan. Code, which is in conflict with section 2 of chapter 479, Acts 1909, was repealed by the concluding

130 Tenn. 26

clause of the latter act.    So we think the quarterly court of Hawkins county did have express legislative authority to levy the tax in question.

What we have said above answers, not only the first insistence made by the companies, but also the second, which is that the county court exceeded its power to levy special taxes as measured by section 648, Shan. Code; the limit imposed by that section having been repealed as above shown by the act of 1909.

The third and final insistence made by the companies is that the power of the quarterly county court to levy the tax in question is limited by section 3 of chapter 143, Acts of 1909.    We cannot assent to this view. We think the act last named does not relate to the class of roads which the tax here in question was levied to repair.    We think the tax in question was levied for the purpose of repairing the piked roads of Hawkins county of the kind constructed under chapter 518, Acts 1907, as distinguished from the class of roads to which chapter 143, Acts 1909, relates.

The motion of attorneys for the county, that this court to fix the amount of the fee to which they are entitled for services rendered the county in this cause is allowed and the fee is fixed at the sum of two hundred and fifty dollars.

Upon the whole case, we see no error in the decree of the court of civil appeals, and the same will therefore be affirmed, at the costs of the railway companies.